PEGASUS MANAGEMENT COMPANY, INC., et al., Plaintiffs,

v.

LYSSA, INC., et al., Defendants.

No. CIV.A. 95–12489–RCL.

United States District Court, D. Massachusetts.

Feb. 9, 1998.

Robert P. Sherman, David R. DeVeau, Hutchins, Wheeler & Dittmar, Boston, MA, for Plaintiffs.

James J. Marcellino, Susan M. Insoft, Judith A. Goldberg, McDermott, Will & Emory, Boston, MA, for Defendants.

*MEMORANDUM AND ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON PLAINTIFFS' COMPLAINT AND DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON DEFENDANTS' COUNTERCLAIM (# 31)*

COLLINGS, United States Magistrate Judge.

## I. Introduction

The facts of this case have been recounted at length in the Memorandum and Order On Plaintiffs' Motion For Summary Judgment As To Liability On Count II (Breach Of Warranty)(# 26) issued on February 6, 1998 and, therefore, shall not be reiterated herein. Suffice it to say that in this dispositive motion, the defendants seek the entry of judgment in their favor on both the plaintiffs' complaint and their own counterclaim.

## II. Discussion

Action on the motion as it relates to the complaint shall be undertaken summarily. For the reasons stated in the Memorandum and Order On Plaintiffs' Motion For Summary Judgment, the defendants' motion for summary judgment on Counts I and II of the complaint, breach of contract and breach of warranty respectively, shall be denied. With regard to Counts III and IV, violation of Massachusetts General Laws chapter 93A and misrepresentation respectively, in light of the indication from the plaintiffs that they may not pursue these claims, action on the defendants' motion for summary judgment as to these claims shall be pretermitted.

Turning to the second aspect of the dispositive motion, the defendants/counterclaim-plaintiffs seek summary judgment on Count I of the counterclaim against Lahaina Realty Limited Partnership ("Lahaina Realty") as the payor under a promissory note dated November 30, 1994, in the principal amount of $1,410,904.00. The next three counts of the counterclaim name as counterclaim-defendants the guarantors of that same promissory note, to wit, Daniel J. Kane ("Kane")

(Count II), Olympus Healthcare Group, Inc. ("Olympus") (Count III), and Pegasus Management Company, Inc. ("Pegasus") (Count IV).[1] The defendants/counterclaim-plaintiffs allege that the payor failed and refused to make payment on the promissory note when due and, although they guaranteed the obligations of the payor, the guarantors too failed and refused to make payment when due under the promissory note.

By letter dated August 28, 1995, Pegasus, the actual purchaser of the nursing homes and related assets, notified the defendant-sellers of its demand for indemnification pursuant to Section 9.3 of the Asset Purchase Agreement, writing:

> As a result of Sellers' material breaches of the Asset Purchase Agreement discussed above, Purchaser is exercising its rights at law and in equity to set-off any amounts otherwise due and owing to Sellers under that certain Subordinated Promissory Note in the face amount of $1,410,904 dated November 30, 1994 (the "Promissory Note") by the liabilities which Purchaser has been forced to incur as a result of Sellers' breaches identified herein. As a result of such set-off, the Promissory Note is hereby deemed to be paid in full.

Appendix # 29, Exh. 15.

It was determined in the Memorandum and Order On Plaintiffs' Motion For Summary Judgment that the plaintiffs could recover on their breach of warranty claim and, in fact, that the plaintiffs had established the defendants' liability for breaches of the financial warranties, the environmental warranties, and also the warranties regarding certification defects. Although the amount of damages flowing from those breaches remains an issue for trial, the conclusion that the defendants have breached the warranties set forth in the Asset Purchase Agreement, as amended, gives rise to the buyers' rights of indemnification and set-off under Sections 9.1, 9.5 and 9.6 of that Agreement. (List of Exhibits # 34, Exh. D, First Amendment to Asset Purchase Agreement) So, too, the promissory note provides a right of set-off: "The Payor [2]

---

1. The counterclaim-defendants are four of the five plaintiffs in the complaint.

2. The payor, purchaser and buyer are all one and the same entity for purposes of the documents

shall be entitled to set-off against payments of principal and interest payable under this Note in accordance with Section 9.5 of the Purchase Agreement and the Escrow Agreement therein referred to." (Appendix # 29, Exh. 14 ¶ 6)

By letter dated September 29, 1995, an attorney for the sellers advised the payor and guarantors of the promissory note that:

Notice of default is hereby given, the payor having failed and refused to make payment of principle [sic] and interest when due. If the entire amount of principle [sic] and interest is not paid within ten business days, we intend to take appropriate legal action through the courts.

Such notice also is hereby given, without conceding that it is required, to Daniel J. Kane, Olympus Healthcare Group, Inc. and Pegasus Management Company, Inc., as they are guarantors under a Guaranty dated as of November 30, 1994.

List of Exhibits # 34, Exh. I.

The November 30, 1994, Guaranty provided in part:

SECTION 1. *Guaranty.* The Guarantor hereby unconditionally and absolutely jointly and severally guarantees to the Sellers the prompt and full payment and performance of the *indebtedness of the Purchaser,* now or hereafter existing or arising under the Promissory Note (such obligations being referred to collectively as the "Obligations"), and any and all reasonable expenses (including reasonable counsel and expert witness fees and expenses) incurred by Sellers in enforcing any rights under this Guaranty.

SECTION 2. *Guaranty Absolute.* The liability of the Guarantor under this Guaranty shall be direct, absolute and unconditional and shall not be impaired irrespective of:

\* \* \* \* \* \*

(iv) any other circumstances which might otherwise constitute a defense available to, or a discharge of, the obligations of a guarantor.

\* \* \* \* \* \*

SECTION 9. *Continuing Guaranty.* This Guaranty is a continuing guaranty

and shall (i) remain in full force and effect until satisfaction in full of the Obligations and all other amounts payable under this Guaranty...

List of Exhibits # 34, Exh. F (emphasis supplied).

The defendants/counterclaim-plaintiffs argue that the guarantors' obligation to pay under the terms of this guaranty is absolute and, consequently, that they are entitled to the entry of judgment in their favor.

Whatever the merit of the defendants/counterclaim-plaintiffs' position that the guaranty is unconditional, by its terms the guarantors are liable only for the "full payment...of the *indebtedness of the Purchaser.*" (Emphasis supplied) In light of the payor's established right to set-off due to the breaches of warranty, a genuine issue of material fact exists as to whether there is any indebtedness outstanding at all. In other words, if it is determined at trial that the payor is entitled to set-off an amount greater than the face amount of the promissory note, there is no indebtedness and neither the payor nor the guarantors would be liable to the defendants/counterclaim-plaintiffs. Consequently, genuine issues of material fact exist as to whether there has been a default under the promissory note, and whether any amount is due and owing under the guaranty.

### III. Order

For the reasons stated it is ORDERED that the Defendants' Motion For Summary Judgment On Plaintiffs' Complaint And Defendants' Motion For Summary Judgment On Defendants' Counterclaim (# 31) be, and the same hereby is, DENIED with respect to Count I and II of the complaint. It is FURTHER ORDERED that the motion, to the extent that it seeks entry of summary judgment on Counts III and IV of the complaint be, and the same hereby is, PRETERMITTED. It is FURTHER ORDERED that with respect to the counterclaim, the motion be, and the same hereby is, DENIED.

referenced herein and for purposes of the following analysis.